LOWE & BROTHER *vs.* STEPHENS & FLYNN, receivers.

Where, pending an attachment, a general creditors' bill was filed against the defendants, and their stock of goods was placed in the hands of receivers, after judgment in the attachment case, the plaintiffs could not by rule against the receivers compel the payment in full of their claim out of the funds in hand. To thus dispose of the fund without a full hearing as to the priorities of the various claims, would be to displace the jurisdiction of the court of equity, and defeat the object of the bill; and to make the parties to the bill parties to the rule, would be to supplant the former by the latter.

Receivers. Equity. Liens. Rule. Practice in the Superior Court. Before E. N. BROYLES, Esq., Judge *pro hac vice.* Fulton County. At Chambers. December 28th, 1880.

Reported in the decision.

COLLIER & COLLIER, for plaintiffs in error.

A. B. CULBERSON; P. L. MYNATT, for defendants.

CRAWFORD, Justice.

T. J. Lowe & Brother sued out out an attachment against Ligon & Reeves, as fraudulent debtors, and had the same levied upon a stock of goods in their possession. Pending this attachment a creditors' bill was filed against the said firm, and a receiver appointed to take charge of and to sell the said stock of goods, and hold the fund arising therefrom subject to the further order of the court.

T. J. Lowe & Bro. having obtained a judgment upon their attachment, and the leave of the court to rule the receiver for the amount of the money realized from the sale of the goods of Ligon & Reeves, or so much thereof as would be sufficient to satisfy their judgment, proceeded to serve the same, calling upon the said receiver to show cause why the said sum of money should not be paid over in satisfaction of their said judgment. The said rule was demurred to, the demurrer sustained, and the movants excepted.

The single question made by this record is, was this demurrer properly sustained?

Under the bill in equity this money had been seized, and impounded by the chancellor at the instance of the creditors who were the complainants in the bill. The movants by their rule sought to have the fund appropriated to the payment of their demand upon an *ex parte* judgment, both as to the defendant in attachment, and the complainants in the creditors' bill. To have allowed it, would have been to ignore the object, and to defeat the very purpose of the chancellor, in taking possession of the fund which was to hold it for the true owner.

According to the practice both in the English and American courts, whenever there is a claim upon the fund, the master or the chancellor will give such protection to the equitable rights of the claimant upon a proper application *pro interesse suo* as will comport with the rights of all the parties in interest. But a judgment at common

law cannot displace the jurisdiction which a court of chancery has assumed over a fund held for litigation, nor demand its appropriation before the very priorities for which it was seized have been decreed.   Neither will a court of chancery yield its own unquestioned jurisdiction to take its place at the bar of a court of law as a party.   To have entertained this rule would have given to a court of law precedence over a court of equity, and required it to have become a suitor therein.   And to have made the parties to the bill, parties to the rule against the receiver, and have required them to answer it, as was insisted upon in the argument, would have been substituting the rule for the chancery suit.   The view which we have taken of this case finds its authority in Story's Eq. Jur., §§833, 891; 9 Vesey, 338; 1st Keene's R., 749; 11 *Ga.*, 415–421.

Judgment affirmed.