Mariano C. Corrente
vs.
Antonio Corrente

Eq. No. 9551.

## DECISION.

### August 8, 1929.

FROST, J. Heard on petition of Giovannina Vendetti, a creditor, to intervene and for modification of decree heretofore entered.

On May 2, 1929 complainant filed his bill of complaint for dissolution of copartnership and for an accounting, etc., and at the same time a receiver was appointed pending a hearing to take charge of partnership assets. There was the usual enjoining order restraining mortgagees and creditors from seizing or attaching property of the copartnership or from selling or disposing of the same. A similar order was entered after hearing, on May 18. This latter decree was modified by decree of June 10, for the purpose apparently of allowing mortgagees to sell property at foreclosure sales and of requiring them to pay the surplus of such sales to the receiver.

From the creditor's petition it appears that she brought suit against the partnership and attached real estate belonging to them in 1928. Judgment was recovered on May 18, 1929, as of May 11 for the sum of $765.58. The property attached was recently sold at a mortgagee's foreclosure sale and there remains in the hands of the mortgagees a surplus of $1,465.49 or more than enough to satisfy the petitioning creditor and also the claim of a prior attaching creditor.

Should the petitioning creditor be allowed to obtain payment from the

mortgagee or should she be required to seek payment from the receiver?

There is no question that an attaching creditor, as in this case, does not lose the lien of attachment by the subsequent appointment of a receivership. *High* on Receivers, 4th Edit. Section 136; *Clark* on Receivers, 2nd Edit. Section 269. That does not mean, however, that such creditor whose claim may have been reduced to a judgment may secure a recovery in the same manner that he might have done, had there been no receivership. His remedy is affected by the latter proceeding. *Clark*, Supra, Sections 668, 679.

It is also possible that the charges of a receivership may be decreed to be a prior lien against receivership property paramount even to attachment liens,—23 R. C. L. Section 119.

It would seem, therefore, that the better practice and the safer and more orderly course in the present instance is for the mortgagee to pay the surplus to the receiver if he has not already done so and for the creditor to file her claim with the receiver at the same time stating her security for such claim.

The Court does not think that the principle of *Smart* vs. *Burgess*, 35 R. I. 149, can be carried so far as to say that in this case the mortgagee's surplus should not be paid to the receiver and by him eventually to the judgment creditor. See also, *Lowe & Bro.* 1:. *Stephens & Flynn*, 66 Ga. 607.

The petition must be denied.

For petitioner: McGovern & Slattery.

For respondent: Charles R. Easton.