Camp *vs.* Cahn.

---

W. H. CAMP, plaintiff in error, *vs.* LOUIS CAHN, defendant in error.

1. An affidavit upon which an attachment for purchase money is based, which states that the defendant is indebted to the plaintiff in the sum of $767 65, and that said indebtedness was created in part by the purchase of a one-half interest in certain property specified, is insufficient. It should state the part that was the consideration of the indebtedness, and the amount due therefor.

2. A plaintiff in attachment, where the property levied on has been replevied, is entitled to proceed for his judgment as in other cases at common law, though the attachment may have been dismissed.

Attachment. Judgments. Before Judge COWART. City Court of Atlanta. December Term, 1875.

For the facts of this case, see the decision.

P. L. MYNATT ; HOKE SMITH, for plaintiff in error.

JACKSON & CLARKE, for defendant.

WARNER, Chief Justice.

This was an attachment sued out under the provisions of the 3293d section of the Code. The plaintiff made the following affidavit for the purpose of obtaining the attachment :

"GEORGIA, FULTON COUNTY.—Before me, the subscriber, a notary public in and for said county of Fulton, personally came and appeared W. H. Camp, who, on oath, deposeth

Camp *vs.* Cahn.

and saith, that Louis Cahn is indebted to him in the sum of
$767 65, and that said indebtedness was created, in part, by
the purchase of a one-half interest in the following property
by the said Louis Cahn, from the said W. H. Camp, to-wit:
Ten kegs nails at $5 00, $50 00; twelve boxes ink at $1 00,
$12 00; twenty-four wash-tubs at $3 00, 72 00; one hod
water buckets, $50 00; one hod sugar buckets, $15 00; for-
ty-five boxes tea, five pounds each, at $2 00, $90 00; eigh-
teen boxes soap, at $2 50, $45 00; three hundred bar. head,
$27 00; one pair trucks, $9 00; one flour scales, $50 00;
one iron safe, $140 00; one desk and money drawer, $18 00;
one bay mare, $115 00; one dray and harness, $112 00; one
table, $1 75; one office chair and fine state chair, $4 00; one
partition, $10 00; one letter press, $3 00; one lot in second
ward of the city of Atlanta, Fulton county, on the south side
of Jones street, bounded on the west by E. Murphey's prop-
erty, thence two hundred and twelve to an alley, thence run-
ning east forty-seven feet to J. O'Neal's line, thence back to
Jones' street two hundred and twelve, thence west along
Jones' street to beginning corner, said lot now being unoc-
cupied, $500 00; and that the debt is now due and unpaid,
and that all the foregoing property is in the possession of
Louis Cahn.        [Signed]            W. H. CAMP.
"Sworn to and subscribed before me,
    "2d day of May, 1874.
    "JOHN T. GLENN, *Notary Public.*"

On the trial of the case, as it appears from the record, the
defendant, having replevied the property on which the attach-
ment had been levied, made a motion to dismiss it, because
the amount due for the purchase money of the property at-
tached, was not sufficiently stated in the affidavit as required
by the statute, which motion was sustained by the court,
and the plaintiff excepted. The plaintiff then proposed to
go on with the trial of the case as at common law, having
filed his declaration and shown that the defendant had ap-
peared and replevied the property levied on by giving bond

as the statute requires in such cases. The defendant objected, and made a motion to dismiss the case, which was sustained by the court, and the plaintiff excepted.

1. There was no error in dismissing the attachment on the ground that the affidavit was too vague and uncertain as to the amount of the debt due to the plaintiff for the property. The affidavit states that the defendant was indebted to the plaintiff in the sum of $767 65, and that said indebtedness was created in *part* by the purchase of a one-half interest in the following property as set forth in the affidavit; *what part* the affidavit does not state, nor is it stated what is the amount due for *the part* which he did purchase, but the court is asked to infer what was the amount, from the account annexed to the affidavit. The statute requires the plaintiff in attachment to state the amount of the debt claimed to be due for the property for which the debt was created.

The other question in the case, is whether the plaintiff in attachment when the property attached has been replevied by the defendant in attachment, is entitled to proceed against him and obtain a judgment, as in other cases at common law, when the attachment has been dismissed, as provided by the 3309th section of the Code. In other words, is the replevying the property attached by the defendant such an appearance and notice of the pendency of the attachment and of the proceedings thereon, as will entitle the plaintiff to proceed against him on the declaration filed, and establish his demand as in other cases at common law, although the attachment may have been dismissed. The 3319th section of the Code provides for replevying the property attached by the defendant's giving bond, etc. In *Reid and wife vs. Moore*, 12th *Georgia Reports*, 368, it was held that giving a replevy bond in an attachment suit, under the act of 1799, was an appearance by defendant. The 3328th section of the Code declares that "when the defendant has given bond and security, as provided in section 3319 of this Code, or when he has appeared and made defense by himself or attorney at law, or when he has been cited to appear, as provided in section 3309 of this Code,

the judgment rendered against him in such case, shall bind all his property, and shall have the same force and effect as when there has been *personal* service, and execution shall issue accordingly, but it shall be first levied upon the property attached. In all other cases, the judgment on the attachment shall only bind the property attached, and the judgment shall be entered only against such property." The suit is originally commenced by attaching the defendant's property, but the plaintiff may give him ten days notice of the pendency of the attachment before final judgment, as provided by the 3309th section of the Code, and obtain a general judgment against him as at common law. When the defendant appears and replevies the property attached, he has *notice* of the pendency of the attachment against his property for the collection of the plaintiff's demand, and no good legal reason occurs to us why the plaintiff should not be allowed to proceed to establish his debt, and obtain a general judgment against the defendant in the same manner as he might do by giving the ten days notice, as provided in the 3309th section, and such, in our judgment, is a fair interpretation of the 3328th section of the Code. Construing the several sections of the Code relating to attachments, as one act, the court erred in dismissing the plaintiff's declaration, and preventing him from proving his debt against the defendant for the purpose of obtaining a judgment as at common law, although his attachment had been dismissed.

Let the judgment of the court below be reversed.