ZORN *vs.* WHEATLEY & COMPANY *et al.*

1. Upon the final hearing of an equity case, where the parties, by consent, refer the facts as well as the law to the presiding judge, a decree dismissing the bill is not improper, if the complainant is entitled to no relief on the case made.

2. Where the plaintiff, in a garnishment proceeding, files a bill and has himself appointed a receiver of the fund on condition of giving bond and security to account according to the result of the garnishmen case, and after getting possession of the fund as receiver, dismisses the garnishment, the court for whom he holds as receiver may, on or after a decree dismissing the bill, compel him by rule or order to surrender the fund.

Equity. Practice in the Superior Court. Receivers. Garnishment. Before Judge BUCHANAN. Upson Superior Court. November Term, 1877.

Zorn filed his bill against Wheatley & Co., James P. Walker, and Respess, Swift & Co., making, in substance, this case:

Complainant is the owner of a judgment in favor of Woodward against Nathaniel P. Walker, p.incipal, and James P. Walker, security, for about $10,000.00. In February, 1875, he sued out garnishment in said case against Respess, Swift & Co., returnable to the succeeding May term of said court. The garnishees answered, admitting that the sum of $900.00 was in their hands, the property of the defendant, Walker. At said term of the court, Wheatley & Co. moved to be made parties to said garnishment proceeding in order to assert their title to said fund. The motion was overruled and the case continued. Wheatley & Co. did not dissolve said garnishment by giving bond, though they were abundantly able to do so. Complainant

asserts that said fund should be ordered paid to his claim. His judgment was rendered on November 15th, 1874. Wheatley & Co. aver that on January 1st, 1875, Walker was indebted to them $4,300.00, and that they held the said claim of $900.00 as collateral thereto. They also hold a deed to a plantation in Upson county, known as the White place, of the value of $5,000.00 ; also a mortgage upon a plantation in Sumter county, of the value of $3,000.00 ; on a house and lot in the city of Americus, of the value of $2,500.00 they have also levied a factor's lien on certain personalty of the value of $1,000.00, but by agreement with Walker, have directed the sheriff not to sell, but to leave the same in his (Walker's) possession. According to section 3545 of Code, the lien of complainant's judgment is prior in law. All of this property, of the value $11,600.00, exclusive of the $900.00, is more than sufficient to satisfy Wheatley & Co's claim, even if it be valid. By agreement, this $900.00 was left in the hands of Swift, Respess & Co., without interest, until the termination of certain litigation, in Crawford county. This is now ended, and complainant submits that it is unjust for said Wheatley & Co., to prevent the use of said money by a refusal to dissolve the garnishment ; that such sum ought to bear interest at a rate approximating its value. Complainant prays that Wheatley & Co. may answer fully, setting out the amount of their claim, the interest, legal and usurious, paid and now due, and a schedule of all the property received by them, etc. That complainant may be appointed receiver of said $900.00 upon giving bond to answer the judgment in said garnishment. That Swift, Respess & Co. be directed to pay the said sum over to complainant upon his giving such bond. That complainant may be decreed to be entitled to such fund, and that he may have general relief, etc.

The order prayed for was granted, the bond given, and the fund paid over by Swift, Respess & Co. to the complainant as receiver.

By amendment, complainant alleged the following facts :

Since the filing of the original bill, the supreme court has held his judgment to be void because not based on the verdict of a jury. He submits that having received said money under the existing judgment, which was then final and unreversed, and no proceedings having been instituted to vacate the same, he ought not be compelled to pay to Wheatley & Co. said money. Complainant is entitled to have the said money remain in his hands until the liability of Walker is adjudicated. If the court shall find that the property in the hands of Wheatley & Co. is more than sufficient to satisfy their claim, then the surplus should be directed to be paid to complainant.

Wheatley & Co. demurred for want of equity, and pleaded as follows:

1. To the jurisdiction, because they are, and were, residents of the county of Sumter, and Walker was, and is, a resident of the county of Webster.

2. That since the appointment of the receiver and the payment of the $900.00 to him by Swift, Respess & Co., complainant dismissed the garnishment, in aid of which this bill was brought; that thereafter the judgment upon which said original bill and garnishment were founded, was declared null and void by the supreme court.

3. That there has not been, and is not now, any such liability on the part of Walker to the complainant as could be enforced by suits, in this that James P. Walker was security on the appeal of Nathaniel P. Walker in the case of Woodward, administrator, against the latter, which suit is still pending and undisposed of.

They answered that the money in controversy belonged to them, having been so transferred in writing anterior to the date of the said judgment mentioned in the bill, by an order on the agent of the Flint River Manufacturing Company, which is the same as Swift, Respess & Co., as follows:

"AMERICUS, GA., October 8th, 1874.

"*T. S. Rucker, Esq., Agent of Flint River Factory, Thomaston:*

"Please pay to J. W. Wheatly & Co., or bearer, nine hundred dollars and charge to my account.

(Signed)        JAMES P. WALKER."

They allege that this order was given to them as collateral security for a large indebtedness on the part of Walker; that no one has any claim to it except themselves, etc.

Walker adopted Wheatley & Co's answer, and Swift, Respess & Co., having paid over the fund to the receiver, disclaimed any interest in the controversy.

Pending this litigation the defendants, Wheatley & Co. and Walker, obtained a rule requiring the complainant to show cause why the order appointing him receiver should not be revoked, why the fund in his hands should not be paid over to Wheatley & Co. or some other proper person, etc.

In response, the complainant alleged that the court had no authority to determine who was entitled to the fund in the summary manner proposed, and for this reason he demurred to the proceeding. Failing his demurrer, he set up substantially the facts alleged by his bill.

The whole controversy, bill, answer, rule, etc., was submitted to the chancellor, without the intervention of a jury, upon the law and facts.

The facts presented by the testimony were substantially as set forth in the bill and answer. It was shown that after exhausting all the property in the control of Wheatley & & Co., there was still a large balance due to them by Walker, considerably more than the $900.00 in controversy.

The chancellor directed that the rule *nisi* be made absolute for the $900.00, with interest from the time it was received by complainant; that in the event of his failure to pay in accordance with the terms of this decree, he be held in contempt, and attachment should issue; that this sum be paid to Wheatley & Co., and that the bill be dismissed at complainant's cost.

To all of which complainant excepted.

W. A. HAWKINS; SPEER & STEWART, for plaintiff in error.

S. C. ELAM; S. HALL, for defendants, cited Code, §§218, 4286.

BLECKLEY, Justice.

1. The bill filed by Zorn reached a final hearing, and by consent, was tried by the presiding judge without the intervention of a jury. It is not apparent that the complainant was entitled to any relief whatever upon the case made before the judge, and that being so, the decree dismissing the bill was not improper. Indeed, it was the only proper decree, for when the complainant fails on the merits he simply goes out of court. There is no other decree to be rendered.

2. The order to pay over the fund was almost a matter of course. Mr. Zorn had no judgment that bound it, and he had dismissed the garnishment by which he had sought to reach it. The garnishees disclaimed any right to have it restored, and Walker, the owner of it, as well as Wheatley & Co., to whom he had ordered it paid, was before the court demanding that it be paid to Wheatley & Co. The bill was disposed of by final decree, and the receiver appointed under the bill still had the fund. His possession was the court's possession, and after there was no longer any case in court, why should the fund remain? The power of the court over its receiver was unquestionable, (11 *Ga.*, 413,) and it seems to us that the power was rightfully exercised in passing the order which is complained of. What else could a wise and virtuous court have done?

Judgment affirmed.