---

KING *v.* RANDALL.

95   449
117   516
95   449
118   671

1. Where an attachment, returnable to a justice's court, was sued out under section 3293 of the code, and the defendant appeared and moved to dismiss the attachment on various grounds, and, after this motion was overruled, also contested the case upon its merits by making a motion for a nonsuit, which was likewise overruled, and the trial resulted in a verdict for the plaintiff, upon which a general judgment in his favor was entered against the defendant, who thereupon sued out a *certiorari*, assigning as errors the refusal of the magistrate to dismiss the attachment, and his refusal to grant a nonsuit, and also alleging that the verdict was contrary to law and the evidence, it was error for the judge of the superior court to sustain the *certiorari* and order the case to be dismissed from the magistrate's court, such judgment being evidently predicated upon the opinion that the attachment ought to have been dismissed, and that upon this being done the case would necessarily be at an end. Whether the magistrate erred in refusing to dismiss the attachment or not, the plaintiff was entitled to proceed with the case for the purpose of obtaining a general judgment.

2. It is apparent from the record that the superior court did not pass upon the alleged error in refusing to grant a nonsuit, or upon the question whether or not the verdict was sustained by the evidence; and these matters are left open for consideration when the case is heard again.

March 2, 1895.

*Certiorari.* Before Judge HARDEMAN. Bibb superior court. April term, 1894.

ESTES & JONES, for plaintiff.

J. R. L. SMITH, for defendant.

LUMPKIN, Justice.

An attachment was sued out under section 3293 of the code, and made returnable to a justice's court. At the trial the defendant appeared and moved to dismiss the

v 95-29

attachment on various grounds, the merits of which it
is not now material to consider.   This motion was over-
ruled; and after the plaintiff had closed his evidence,
the defendant then made a motion for a nonsuit, which
was likewise overruled, and the trial resulted in a ver-
dict for the plaintiff, upon which a general judgment in
his favor was entered.   The defendant thereupon sued
out a *certiorari*, in which she assigned as error the refusal
of the magistrate to dismiss the attachment and the re-
fusal to grant a nonsuit, and also alleged that the ver-
dict was contrary to law and the evidence.   Upon the
hearing of the *certiorari*, the judge of the superior court
passed an order sustaining the same, and directing that
the case be dismissed in the magistrate's court.

1.  From an inspection of the entire record, it is evident
that the judge was of the opinion that the motion to
dismiss the attachment ought to have been sustained;
and that this being done, the case would necessarily be
at an end.   This view of the matter was erroneous.
This court has frequently decided that notwithstanding
the dismissal of an attachment, the plaintiff may never-
theless proceed with his case and obtain a general judg-
ment against the defendant, if the latter has appeared
and made defense.   Section 3309 of the code expressly
declares that where the notice required by it has been
given, "no declaration shall be dismissed because the at-
tachment may have been dismissed"; and while section
3328 does not so provide in terms, the same rule has
been followed in cases arising under it.   See *Joseph* v.
*Stein*, 52 *Ga.* 332; *Camp* v. *Cahn*, 53 *Ga.* 558; *Sutton
et al.* v. *Gunn*, 86 *Ga.* 652; *Cade* v. *Jenkins*, 88 *Ga.* 797.
The case of *Hodnett* v. *Stone*, 93 *Ga.* 645, is also, in prin-
ciple, very much in point.

We are of the opinion that presenting and insisting
upon a motion for a nonsuit is making a defense to the
action on its merits.   It is difficult to conceive of its be-

ing anything else. In *Hickson* v. *Brown*, 92 *Ga.* 225, this court held that where a defendant in attachment traversed the truth of the affidavit upon which it was issued, and appeared at the trial to maintain this traverse, a general judgment could be rendered against him.

Therefore, whether the magistrate erred in refusing to dismiss the attachment or not, the plaintiff was entitled to proceed with his case for the purpose of obtaining a general judgment; and unless this judgment was wrong for some other reason, it should be allowed to stand. At any rate, it was error to order the case to be dismissed from the justice's court.

2. If the verdict in that court was without evidence to sustain it, of course it ought not to be allowed to stand. As already intimated, however, it is apparent from the record that the judge of the superior court did not undertake to pass upon this question or upon the alleged error in refusing to grant a nonsuit. We therefore leave these matters open for further consideration when the case comes up before him for another hearing.

*Judgment reversed.*