## McANDREW *v.* IRISH-AMERICAN BANK.

1. Where an attachment is sought against an alleged fraudulent debtor, and the judge of the superior courts of the circuit wherein such debtor resides is disqualified, jurisdiction may, and can only be, taken by the judge of an adjoining circuit to whom the petition for attachment is presented; and an attachment issued in such a case upon the order of any other judge is void.

2. Though an attachment be absolutely void, this is no ground for dismissing the declaration in attachment, when the same has been properly filed and the defendant duly cited to appear.

Argued February 23, — Decided April 6, 1903.

Attachment.    Before Judge Brinson.    Richmond superior court.
May 1, 1902.

*J. C. C. Black*, for plaintiff in error.   *D. G. Fogarty*, contra.

FISH, J.   The Irish-American Bank procured an attachment to
be issued against James McAndrew, of Richmond county, Ga., upon
the ground that he had conveyed his property liable for the pay-
ment of his debts for the purpose of avoiding the payment of the
same; and it was levied upon a certain house and lot in the city
of Augusta, as the property of the defendant.   Richmond county
is in the Augusta judicial circuit, and the judge of that circuit be-
ing absent from the State, the petition for attachment was presented
to the judge of the Eastern circuit, who ordered the attachment to
issue.   After the levy the attachment was returned to the superior
court of Richmond county, and at the appearance term therefor of
that court, and before any declaration in attachment had been filed,
the defendant filed a written motion to dismiss the same, upon the
ground that the petition therefor was presented to the judge of the
Eastern circuit, who took jurisdiction in the matter, instead of to
the judge of a circuit adjoining that in which the defendant resided;
and, subject to this motion, the defendant traversed the grounds
of the attachment.   The motion to dismiss contained also another
ground, which, however we shall not deem it necessary to consider.
Subsequently, during the same term of the court, the plaintiff filed
its declaration in attachment.   When the case came on for trial at
the next term of the court, the defendant "insisted upon his motion
to dismiss the attachment, and at the same time orally moved to
dismiss the declaration, on the ground that, the attachment being
void, there could be no personal judgment against the defendant;
and he further insisted that, the attachment being void, there could
be no personal judgment against the defendant, notwithstanding
the notice of the attachment and the declaration thereon."   Each
of these motions was overruled, and the debt due by the defendant
to the plaintiff being evidenced by an unconditional contract in
writing and no issuable defense being filed on oath, the court en-
tered up a general judgment in favor of the plaintiff against the
defendant.   The plaintiff not asking for a judgment on the attach-
ment, there was no trial of the traverse.   The defendant excepted
to the judgment against him entered up by the court, to the over-

ruling of his motion to dismiss the attachment, and to the overruling of his motion to dismiss the declaration.

We think the court erred in overruling the motion to dismiss the attachment.     It was contended here that the absence of the judge of the Augusta circuit did not amount to his disqualification, but this question does not appear to have been distinctly raised by the motion to dismiss the attachment; and even if the motion can be properly treated as raising this question, we do not deem it necessary to consider it.     The Civil Code, § 4543, which authorizes the issuance of attachments against fraudulent debtors upon the grounds therein stated, upon one of which the attachment in the present case was based, provides that in case of the disqualification of the judge of the circuit wherein the debtor resides, the creditor seeking the attachment may petition "the judge of any adjoining circuit" for an attachment against the property of such debtor liable to attachment; and no provision is made for presenting the petition to the judge of any other circuit.     It is to be presumed that the legislature used the word "adjoining" advisedly and with some purpose in view.     If the General Assembly had intended that in case of the disqualification of the judge of the circuit in which the debtor resides, the judge of any other circuit could take jurisdiction and issue the attachment, it would have been a very simple matter to have so declared.     Indeed, as we shall presently show, if this had been the legislative intention, it would have been unnecessary to make any provision to this effect in the statute providing for attachments against fraudulent debtors. When, instead of declaring that in such a case the petition may be presented to the judge of any other circuit, the General Assembly provided that the creditor may petition the judge of an adjoining circuit, it is to be presumed that the intention was that jurisdiction should be exercised only by the judge of an adjoining circuit.     If, as contended by counsel for the defendant in error, the provision that the creditor may apply to the judge of an adjoining circuit is merely directory, why should language of limitation have been used ?  Why use a word of limitation, if no limitation was intended ?  If the legislative purpose was that the petition might be presented to the judge of any circuit in the State, other than the one of the debtor's residence, there was no sensible reason for using the word "adjoining."     In support of his position, counsel for the defendant

contends that section 4543 must be construed in pari materia with section 4322, which expressly provides that the authority granted " to each judge in his own circuit may be exercised by any judge of another circuit whenever the resident judge is absent from the circuit so that the business can not be done as speedily as necessary, or is indisposed or interested, or is laboring under any disqualification or inability to serve, or in case the circuit should be, for any cause, without a judge;" and that, when so construed, the provision in section 4543 in reference to petitioning the judge of any adjoining circuit is merely directory. We think the argument to be derived from considering these two sections together is decidedly against this contention. The provisions contained in section 4322 were in force in this State when the act of February 24, 1873, from which section 4543 is codified, was passed, and it is to be presumed that the legislature which enacted that statute was aware of that fact. There was, then, no necessity whatever for providing that, if the judge of the circuit where the debtor resides is disqualified, the judge of any adjoining circuit may act in the premises, if the intention of the lawmakers was that the judge of any circuit other than that of the debtor's residence should have jurisdiction to grant the attachment, as the law already in existence would provide for this. Why should the legislature declare that the creditor should have a right which he would have had without such legislative declaration? Was the General Assembly, when it placed in the act of 1873 the provision which we are discussing, engaged in a work of supererogation, or in a work of limitation? It seems to us that the purpose was to limit the jurisdiction, in cases where the resident judge should be disqualified, to the judges of the adjoining circuits, and not to declare that the creditor petitioning for an attachment should have a right which was already secured to him by the existing law of the State.

If it were necessary to discover the purpose of the legislature in thus limiting the jurisdiction, this might be done by considering the provisions of sections 4545 and 4546, which are codified from the same act. Section 4545 provides that the judge to whom the petition for attachment is presented "may, if he deem it more proper under the circumstances of the case as presented to him, before granting such attachment, appoint a day on which he shall hear the petitioner, and the party against whom an attachment is prayed

(providing in his order for due notice to said party), as to the propriety of granting such attachment," etc.    Section 4546 provides that where a party's property has been attached without a hearing, " he may apply to said judge, stating fully and distinctly the grounds of his defense, showing why such attachment should not have been issued, or should be removed," etc.; and " such judge shall then appoint a time and place for hearing both parties, plaintiff and defendant, providing for due notice to all parties interested, allowing them full opportunity to sustain their respective cases, as in application for injunction," etc.    So, in limiting the jurisdiction to judges of circuits adjoining the one of the debtor's residence the legislative purpose probably was to prevent the greater inconvenience, loss of time, and expense to which the defendant would be subjected by having the hearing upon the propriety of issuing an attachment, or the hearing of an application for the removal of an attachment already issued, appointed for some place in a circuit remote from the one of his residence.    Without this provision, a defendant in an attachment proceeding and his counsel, residing in Savannah or Thomasville, might be compelled to attend a hearing in Rome or Cartersville.    In this case, the plaintiff had as much right to present his petition for an attachment to the judge of the Rome circuit as he did to present it to the judge of the Eastern circuit; and it seems to us that a provision the purpose of which is apparently as above indicated can not be merely directory.    As the judge of the Eastern circuit was without jurisdiction in the premises, the order granting the attachment was void, and, consequently, no legal attachment could issue thereon.    It follows that the motion to dismiss the attachment should have been sustained.

2.  Although the attachment was void and should have been dismissed, this was no reason for dismissing the declaration.    The Civil Code, § 4557, expressly provides that if the attachment is dismissed or discontinued, the declaration shall not share its fate, if the requisite notice has been given to the defendant.    That section declares : " no declaration shall be dismissed because the attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case."    This is broad and sweeping language, and there is nothing in it to indicate that the fate of the declaration shall be at all dependent upon the valid-

ity of the attachment which has been dismissed or discontinued. Although this provision is found in the section of the Civil Code which provides the way in which the plaintiff in attachment shall proceed in order to obtain a judgment in personam against the defendant, this court, by construing the provisions now contained in this section and those now contained in section 4575 together, has held that it applies to cases in which the defendant has appeared and made defense and to cases in which he has simply replevied the property attached.    The latter section provides that when the defendant replevies the property, or when he appears and makes defense, or when he has been cited to appear, as provided for in the former section, the judgment rendered against him shall bind all his property, and shall have the same force and effect as when there has been personal service.    Appearing and pleading, replevying the property, and being served with the requisite notice are all placed upon the same footing; either will entitle the plaintiff to proceed for a general judgment against the defendant, notwithstanding the dismissal of the attachment.  .  It can not be said that the preservation of the declaration in such cases depends upon the validity of the attachment which has been dismissed.    This court has held that although an attachment may have been dismissed because of its invalidity, yet if the defendant has appeared and made defense, the plaintiff is entitled to proceed for a verdict and general judgment on his declaration.    *Joseph* v. *Stein*, 52 *Ga*. 332.   Perhaps appearance and pleading, without demurring to the attachment, might be said to be a waiver of its invalidity, but the decision in that case was not put upon that ground ; and in *Camp* v. *Cahn,.* 53 *Ga*. 558, where an attachment was dismissed because of a fatal defect in the affidavit, it was held that the plaintiff was entitled to proceed for his judgment, as in other cases at common law, because the defendant had replevied the property, which, as pointed out by Judge Bleckley in *Bruce* v. *Conyers*, 54 *Ga*. 680, a defendant is obliged to do "in order to regain possession of his property without litigation."    In the case just mentioned, where it was held that a void attachment may be dismissed, upon motion of the defendant, after he has replevied the property, Judge Bleckley said:   "The attachment, whether good or bad, brings the defendant into court, if he is served with notice, or if he appears and defends, or if he replevies the property, and he remains in court, though the attach-

ment be dismissed : Code, sections 3309, 3313, 3328 ; 46 *Georgia*, 225 ; 53 Ibid. 558.  Motion to dismiss the attachment is, therefore, not a denial that the process is sufficient to bring him into court, but a denial of its sufficiency to seize and hold his property.  Such a motion goes to the writ, while a plea to the merits goes to the action.  The two things, under our present statutes, are perfectly consistent.  Perhaps they were not so until statutory provision was made for proceeding with the action notwithstanding a dismissal of the attachment."  Here a clear distinction is made between the sufficiency of a void attachment to bring the defendant into court and its sufficiency to seize and hold his property, its power to bring him into court for the purpose of obtaining a general judgment against him being recognized, and its power to create a lien upon his property being denied.

In *Hickson* v. *Brown*, 92 *Ga.* 225, it was held that where a defendant traversed the truth of the affidavit in relation to the ground upon which the attachment issued, and appeared in person at the trial to maintain his traverse, there was no error in entering a general judgment upon the verdict rendered against him.  Lumpkin, J., in the opinion, said :  " General judgments may be rendered in attachment cases when the plaintiff gives notice in writing to the defendant of the pendency of the attachment and the proceedings thereon, as provided by section 3309 of the code ; or, when the defendant replevies the property, as provided in section 3319 of the code ; or ' when he has appeared and made defense by himself or attorney at law,' as provided in section 3328.  An examination of all these sections will show that it is the purpose and spirit of the law to allow a general judgment against a defendant in an attachment case when he has notice of the suit and an opportunity to make a defense."  *King* v. *Randall*, 95 *Ga.* 449.

As the fact that the attachment was void was no ground for dismissing the declaration, it is no ground for attacking the judgment rendered thereon.

As the plaintiff neither asked for nor obtained a judgment upon the attachment, the error committed in overruling the motion to dismiss the attachment does not require a reversal of the judgment rendered.

*Judgment affirmed.*    *By four Justices.*    *Lamar, J., disqualified.*