*W. I. Geer,* contra.

---

1685.   HENDERSON *v.* PHILLIPS.

1. Where an attachment has been sued out and the defendant has not only denied the grounds of the attachment but has pleaded to the merits, and the plaintiff takes only a general judgment, and not also a special judgment against the property attached, alleged errors in rulings with reference to issues raised concerning the grounds of the attachment are wholly immaterial.

2. A contract signed by both parties, reciting that one of them agrees to

sell to the other specified property at a named price, to be paid for at certain times, and that a portion of the consideration is concurrently paid, and reciting further that certain mutual demands existing between the parties shall be settled thereby, is not unilateral.

3. A defendant can not ordinarily set up, by way of set-off or counter-claim to the plaintiff's demand, an indebtedness which he holds against the plaintiff and another.

Attachment, from city court of Tifton—Judge Eve. January 18, 1909.

Argued March 11,—Decided June 29, 1909.

J. J. L. Phillips sued out an attachment against P. A. Henderson, alleging that the defendant was indebted to him in the sum of $5,000, and resided beyond the limits of the State. This was levied upon certain shares of stock in the Phillips Lumber Company, alleged to be the property of Henderson. The declaration in attachment alleged that Henderson resided beyond the limits of the State, and owed J. J. L. Phillips $5,000, and that the debt was secured by a deposit of the fifty shares of stock levied upon, and that attachment had been issued, etc. The defendant came in and by answer denied that he resided beyond the limits of the State; denied that he owed $5,000, and that the stock levied upon was held by the plaintiff as security for this sum. He further set up that the plaintiff was indebted to him in the sum of $25,000 upon a written obligation, which will be presently set out.

Upon the trial it was conceded that J. J. L. Phillips had paid $5,000 for the stock for Henderson; that he held this stock as security, and that the dividends from time to time had paid the interest. The defendant offered in evidence the following contract, which was excluded by the court on the ground that it was unilateral; "Tifton, Ga., Sept. 17, 1907. I, P. A. Henderson, of the County of Miller, do hereby agree to sell and convey unto P. D. and J. J. L. Phillips, of the County of Tift, State of Georgia, parties of the second part, for the sum of $25,000, of which $1,000 is in hand paid, and receipt thereof acknowledged, the following property, to wit: my 100 shares of stock in the Phillips Lumber Company, $15,000 to be paid on the 1st day of October, or as soon as the property can be examined, which may be a little earlier or a little later, and $5,000 six months from the 1st of

24

October, and $5,000 twelve months from the 1st of October, with interest. This also cancels the account of $340.00 that parties of the second part hold against the party of the first part, standing on the Tifton books, and that which party of the first part, of the company have on the books at Korea, for about $200.00, and any other amount subject to examination.

(Signed)   P. D. Phillips

J. J. L. Phillips

P. A. Henderson."

The court also excluded testimony tending to show that Henderson resided in Miller county, Georgia, and not out of the State as claimed by the plaintiff. The court directed a general verdict in favor of the plaintiff for '$5,000 and entered up a general judgment for that sum.

*W. I. Geer, J. B. Murrow, J. M. Terrell,* for plaintiff in error.

*Fulwood & Murray, Jesse W. Walters & Son,* contra.

PowELL, J. (After stating the foregoing facts.)

1, 2. It will be unnecessary for us to pass upon the question as to whether the answer of the defendant amounted to a traverse of the grounds of the attachment or not. The verdict and judgment actually rendered in the case is a general verdict and judgment, and does not specifically bind the property attached, and the result is therefore to release the levy of the attachment. Where the defendant appears and pleads to the merits, the plaintiff is entitled to take a judgment against him if he recovers, irrespective of whether the grounds of the attachment as originally sued out were true or not. If the defendant pleads to the merits and the plaintiff elects to take only a general judgment, a consideration of the validity of the plaintiff's right to take out the attachment becomes wholly immaterial. For this reason it is unnecessary for us to determine whether the court ought or ought not to have excluded the testimony tending to show that the defendant did not reside out of the State. The whole case turns upon the proposition whether the court erred in excluding the contract offered by the defendant as evidence under his counter-claim. The ground on which it was excluded,—that it was unilateral,—is not well taken. It will be seen that it is signed by both parties and that it recites mutual considerations and obligations. It not only recites that Henderson is to sell and convey and that the Messrs.

Phillips are to pay at certain definitely named times, but it recites that they have in fact paid $1,000 of the purchase-price. It also recites that the sale cancels certain cross obligations standing between the parties on their respective books. This is not a mere offer; it is a complete contract. If it had been signed by Henderson only it would have been within the doctrine announced in *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541), and the cases there cited; but it is signed by all of the parties.

3. However, we think this instrument was properly excluded. The suit was by J. J. L. Phillips alone, while the contract set up by Henderson as a counter-claim binds P. D. Phillips and J. J. L. Phillips jointly. Therefore it is not a mutual demand, and no reason appears for varying the usual rule which forbids the set-off of demands not mutual. The true solution of this transaction is that Henderson owes J. J. L. Phillips the $5,000 for which judgment has been rendered in this case, and that P. D. Phillips and J. J. L. Phillips are jointly liable to Henderson for the $25,000, less whatever credits have been paid upon this sum; and if they are solvent, as we presume they are, he may yet recover it by an action on the contract. The verdict rendered against him in this suit will not prejudice any legal rights he may have under his contract, since despite his attempts to raise the matters growing out of this contract in this case, he was not permitted to do so, because of the rules of law we have discussed.

*Judgment affirmed.*