### HENDERSON v. PHILLIPS et al.

(Circuit Court, S. D. Georgia, Albany Division. January 14, 1910.)

1. CORPORATIONS (§ 119*)—SALE OF STOCK—CONTRACT—CONSTRUCTION.

An instrument signed by both parties, reciting that plaintiff agreed to sell to defendants certain shares of corporate stock at a specified price, to be paid for at certain times, that a portion of the consideration had been paid in cash, and further reciting that certain mutual demands existing between plaintiff and defendant were canceled subject to examination,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

constituted a bilateral contract, and not a mere option; the examination being merely to ascertain the amount.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 119.*]

2. COURTS (§ 365*)—FEDERAL COURTS—RULES OF DECISION.

A decision of an appellate state court construing a contract between the parties, while not conclusive on the federal courts of concurrent original jurisdiction, will nevertheless be given strong persuasive effect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. § 365.*

State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

At Law. Action by P. A. Henderson against J. J. L. Phillips and another to recover damages for breach of contract. On demurrer to petition. Overruled.

Wm. I. Geer, Jos. M. Terrell, and Talley & Heyward, for plaintiff.

Fulwood & Murray, Hal Lawson, and Jesse W. Walters, for defendants.

SPEER, District Judge (orally). This is a suit for damages for the alleged breach of the following agreement:

"Tifton, Ga., Sept. 17, 1907.

"I, P. A. Henderson, of the county of Miller, of the state of Georgia, party of the first part, do hereby agree to sell and convey unto P. D. & J. J. L. Phillips, of the county of Tift, of the state of Georgia, parties of the second part, for the sum of twenty-five thousand dollars ($25,000.00), of which $10.00 is in hand paid and receipt hereby acknowledged, the following property, to wit:

"My 100 shares of the stock of the Phillips Lumber Company. Fifteen thousand dollars to be paid the 1st of October, 1907, or as soon as property can be examined, which may be a little sooner or a little later, and five thousand dollars six months from the 1st of October, and five thousand dollars twelve months from the 1st day of October, with interest.

"This also cancels an account of three hundred and forty dollars the parties of the second part hold against the party of the first part standing on the Tifton books, and one party of the first part holds against the parties of the company on the books at Corea for about two hundred dollars and any other account subject to examination.

"[Signed]  
P. D. Phillips,  
"J. J. L. Phillips.  
"P. A. Henderson.

The demurrer is to the effect that this is merely an option, and does not constitute a definite contract; and, further, that the averments of the declaration are not for the recovery of any breach of an option, but for a breach of a definite contract. It would seem that this view of the pleading is correct.

To determine the character of this instrument, to ascertain whether it be merely an option or a definite, agreed upon contract, we must consider the terms of the whole instrument. It is said that it is not a contract, because an examination was provided for; that it was merely an option. In so far as an examination is important, it merely indicated the date of payment, or the approximate date of payment. The examination was made no condition precedent to the contract at all. If it was important to make an examination at all, it was probably

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

important in order not that the purchaser might find out fully the nature of the security he obtained, but that he might raise the money. Whether that would be true or not, it is very clear to my mind that there is no lack of definiteness to the contract. On that point we find there is a positive promise to pay $5,000 6 months from the 1st of October, and $5,000 12 months from the 1st day of October, with interest. These are distinctive features of an ascertained and definite contract. And further there is this, "this also cancels," not "will cancel," but "cancels," an account for $340 parties of the second part hold against party of the first part standing on the Tifton books, and "one party of the first part holds against the parties of the second part on the books at Corea for about two hundred dollars, and any other account subject to examination." The examination is merely to ascertain the amount, but all accounts, whatever they are, are canceled.

Now, what would be the attitude of the court if it should say that this is not a completed contract? · It would be to say that these accounts are not canceled, although the parties say they are. This is precisely the view of this question taken by my learned Brothers of the state Court of Appeals. That decision, while not controlling, is strongly persuasive. Henderson v. Phillips, 6 Ga. App. 368, 65 S. E. 40. The law upon this subject, as otherwise stated in Bates on Federal Procedure, vol. 1, § 73, is as follows:

"The federal courts have an independent jurisdiction in the administration of state laws, co-ordinate with and not subordinate to that of the state courts, and are bound to exercise their own judgment as to the meaning and effect of those laws. The existence of two co-ordinate jurisdictions in the same territory is peculiar, and the results would be anomalous and inconvenient but for the exercise of mutual respect and deference. Since the ordinary administration of the law is carried on by the state courts, it necessarily happens that by the course of their decisions certain rules are established which become rules of property and action in the state, and have all the effect of law, and which it would be wrong to disturb. This is especially true in regard to the law of real estate and the construction of state constitutions and statutes. Such established rules are always regarded by the federal courts, no less than by the state courts themselves, as authoritative declarations of what the law is. But where the law has not been thus settled, it is the right and duty of the federal courts to exercise their own judgment; as they also always do in reference to the doctrines of commercial law and general jurisprudence. So when contracts and transactions have been entered into and rights have accrued thereon, under a particular state of the decisions, or when there has been no decision of the state tribunals, the federal courts properly claim the right to adopt their interpretation of the law applicable to the case, although a different interpretation may be adopted by the state courts after such rights have accrued. But even in such cases, for the sake of harmony and to avoid confusion, the federal courts will lean towards an agreement of views with the state courts if the question seems to them balanced in doubt. Acting on these principles, founded as they are on comity and good sense, the courts of the United States, without sacrificing their own dignity as independent tribunals, endeavor to avoid, and in most cases do avoid, any unseemly conflict with the well-considered decisions of the state courts. As, however, the very object of giving to the federal courts jurisdiction to administer the laws of the states in controversies between citizens of different states was to institute independent tribunals which it might be supposed would be unaffected by local prejudices and sectional views, it would be a dereliction of their duty not to exercise an independent judgment in cases not foreclosed by previous adjudication."

Henderson v. Phillips, supra, is not merely the decision of "Judge Powell," as Mr. Lawson unconsciously treated it in his argument. It is a decision of a court, the state Court of Appeals. There sits the rugged and vigorous Russell, the subtle and elegant Hill, and as well the original and attractive Powell. It is the opinion of the court, and not of a particular judge, which is cited as authority.

So, on the whole, I am fortified not only by my independent judgment of this contract, but by the strongly persuasive effect of the state court's ruling in the conclusion that this is a definite contract, and that the action was brought for a breach of it properly, and that the demurrer must be overruled.