## COWART *v.* CALDWELL COMPANY.

1. A fund in the hands of a trustee in bankruptcy, which the referee has ordered him to pay to a named person, can not be reached by a creditor of such person by a summons of garnishment directed to and served upon the trustee.
2. It is not erroneous to dismiss an attachment when the only levy of the same is by the service of such a summons of garnishment.
3. Although an attachment may be dismissed because of its invalidity, the plaintiff is entitled to proceed for a verdict and general judgment on his declaration, if the defendant has appeared and made defense.
(*a*) The filing of a general demurrer to the declaration is equivalent to pleading to the merits of the case.

JUNE 14, 1910.

Attachment. Before Judge Worrill. Early superior court. March 5, 1909.

On October 18, 1907, J. S. Cowart sued out an attachment against W. E. Caldwell & Co., to recover the amount of a debt alleged to be due the plaintiff, the ground of the attachment being that "the said W. E. Caldwell & Co. resides out of this State." The proceeding was returnable to the April term, 1908, of the superior court of Early county, and upon it summons of garnishment was issued against D. W. James, individually and as trustee in bankruptcy of the estate of T. A. Bailey. On October 25, 1907, James, in response to the summons of garnishment, filed an answer in which he stated that he had been served with summons of garnishment in the case of J. S. Cowart v. W. E. Caldwell & Co.; that he "owed the defendant nothing and had no property, money, or effects of it at the time of the service of said summons, and that between that time and the date of this answer had neither owed the defendant anything, nor received nor gotten possession of any property, money, or effects belonging to it, except that at the time of such service he, as trustee in bankruptcy of T. A. Bailey, had in his hands five thousand dollars," the same being the net proceeds of the sale of certain lumber, which sale was made by him under an order of the referee before whom the bankruptcy proceeding was pending, in which order he was directed to pay the net proceeds of the sale to the Caldwell Co. or its attorneys. On the same date the W. E. Caldwell Co. gave a bond to dissolve the garnishment. On April 6, 1908, Cowart filed in the superior court his declaration in attachment against "W. E. Caldwell Co." On August 8, 1908, the W. E. Caldwell Co. entered what is termed "its first and special appearance" before the court. In this pleading it was stated that the "special appearance" was made for the purpose of bringing to the attention of the court the following facts, which the pleader stood ready to prove: "1. There is no such concern as the 'W. E. Caldwell & Co.' named as defendants to the above-stated action and alleged to be a resident of Louisville, Ky., but that is the place whereat the 'W. E. Caldwell Co.' resides and conducts business." 2. From the allegations in the declaration in attachment "the movant herein has gathered the impression that the plaintiff's intention was to sue out attachment proceedings against movant, but, not knowing the correct name by which movant should be styled, used the misnomer 'W. E. Caldwell & Co.,' in naming the defendant to the . . suit and in referring to the defendant

in the attachment proceedings. · 3.· Movant is interested in bringing about a conclusion and determination of this attachment suit, inasmuch as the property and funds now in the hands of" the garnishee belong to it, and it is unjustly deprived of the use and benefit thereof, as the garnishee declines to turn over the same to movant pending the attachment proceedings. 4. Movant "is unwilling to voluntarily submit itself to the jurisdiction of this court and voluntarily appear and defend said attachment suit, which is a nullity, because: (1) said proceeding is not brought against any legal entity, the said named defendant being neither a natural nor an artificial person; (2) the attachment bond is void, and the writ of attachment issued on said bond and accompanying affidavit made by the plaintiff is a mere nullity, because there is no such person as the 'W. E. Caldwell & Co.'; and (3) this court has not, by virtue of said attachment proceeding, acquired jurisdiction over either the person or the property of movant herein." There was a prayer, to be allowed to enter a special appearance for the purpose of proving the facts above alleged, that "upon due proof made thereof . . said attachment proceeding be dismissed at the cost of the plaintiff, and that the garnishee be authorized and required to surrender possession of the property levied upon to movant." On the same day, the W. E. Caldwell Co., "before pleading to the merits," but without referring to its "special appearance," filed a general demurrer and also several special demurrers to the declaration in attachment. On the same date, subject to the motion to dismiss the plaintiff's proceedings and to the demurrers, it filed an answer to the declaration in attachment. The plaintiff, by leave of the court, amended his pleadings by striking the words· "W. E. Caldwell & Co." wherever they occurred and inserting in lieu thereof the words, "W. E. Caldwell Co., a corporation," alleging that the words stricken were used in lieu of the correct name of the corporation by mistake and were a mere accidental misnomer. This amendment was allowed over the objection of the W. E. Caldwell Co.; and the court thereupon overruled the motion to dismiss the plaintiff's proceedings, based upon the grounds above indicated. The defendant then made an oral motion to dismiss the proceedings, upon the ground that the "court had not acquired jurisdiction in rem over any property belonging to the defendant, and that the defendant had not, by its

filing of a bond to dissolve the garnishment, or by pleading without reservation to the merits, or otherwise, voluntarily submitted itself to the jurisdiction of the court, and personal service had not been perfected on said defendant." This motion the court sustained by dismissing the entire attachment proceeding, including the declaration in attachment. The plaintiff thereupon excepted and sued out a writ of error. No cross-bill of exceptions was filed by the defendant.

L. M. Rambo and Pope & Bennet, for plaintiff.

Pottle & Glessner, for defendant.

FISH, C. J. (After stating the facts.) The question whether the court erred in allowing the amendment to the plaintiff's proceedings, by which the words, "W. E. Caldwell Co., a corporation," were inserted in lieu of the words, "W. E. Caldwell & Co." wherever the latter occurred, is not before the court, as no exception to this ruling was taken. For a like reason, the overruling of the "special appearance" motion to dismiss is not before us. This last-mentioned ruling, of course, naturally followed the other, as after the amendment was allowed the proceedings were clearly against the W. E. Caldwell Co. as a corporation. We must treat the case, therefore, as if the proceedings were originally against the W. E. Caldwell Co., a foreign corporation. So treating it, did the court err in sustaining the defendant's oral motion to dismiss the entire proceedings, upon the grounds that the court had acquired no jurisdiction in rem over any property belonging to the defendant, and nothing had occurred by which the court had acquired jurisdiction to render a personal or general judgment against the defendant? The judgment of the court was partly right and partly wrong. As to the attachment and garnishment proceeding, it was right; as to the declaration in attachment, it was wrong. The untraversed answer of the garnishee showed that at the time of the service of the summons of garnishment he, as an individual, owed nothing to the defendant in attachment, the W. E. Caldwell Co., a non-resident corporation, and had nothing in his hands belonging to that corporation, and had not since such service become indebted to that company or received any of its property or effects; but that as trustee in bankruptcy of the estate of T. A. Bailey he had in his hands five thousand dollars, the net proceeds of certain lumber, which had come into his possession as such trustee, and which he

had sold under an order of the referee in bankruptcy, which directed him to make such sale and to pay over the net proceeds thereof to the W. E. Caldwell Co. The general rule is, that while property or money is in custodia legis, the officer holding it is the mere hand of the court; his possession is the possession of the court; to interfere with his possession is to invade the jurisdiction of the court itself; and an officer so situated is bound by the orders and judgments of the court whose mere agent he is, and he can make no disposition of such money or property without the consent of his own court, express or implied. Among the legal custodians to whom these principles have been applied are trustees or assignees in bankruptcy. Rood on Garnishment, § 27, and cit. It has been so held in Georgia in regard to receivers. *Zorn* v. *Wheatley,* 61 *Ga.* 437 (2), 441; *Lowe* v. *Stephens,* 66 *Ga.* 607; *Fountain* v. *Mills,* 111 *Ga.* 122 (36 S. E. 428) ; *Fulghum* v. *Williams Co.,* 114 *Ga.* 643, 647 (40 S. E. 695, 88 Am. St. R. 48). It has been held that even after the bill has been dismissed the receiver is still the officer of the court and not subject to garnishment. *Field* v. *Jones,* 11 *Ga.* 413.

It is contended, however, in the present case that inasmuch as the order of the referee directed the trustee to pay over the net proceeds of the sale to the W. E. Caldwell Company, it was thereby segregated and became a direct indebtedness or amount due to that company, and hence was subject to garnishment by its creditor. If a garnishment is served, a judgment rendered upon it against the garnishee must be upon it either against him in his individual capacity or in his official capacity, either against his personal funds. or against the funds in his hands as trustee. This was not a transaction between James individually and the Caldwell Company, nor an individual indebtedness by him to that company, even though the company might have a right to proceed against him if he failed to pay it in accordance with the order of the court; for such right would arise out of the fact that he had not carried out such order. The garnishment recognizes the action of the court ordering the sale and the payment of the net proceeds as a valid order, and is founded upon it. Without that order there would have been no sale and consequently no proceeds to pay. The garnishment proceeding, therefore, is necessarily against the trustee in his representative capacity, and is an effort to subject funds which he holds in that ca-

pacity under an order of the referee or bankrupt court. That court has exclusive jurisdiction in matters of bankruptcy.; the State court has none. In the regular order of proceedings, after distribution has been made, the bankrupt will seek a discharge, and the trustee, upon filing his report and account and vouchers, will also apply for a discharge. The court of bankruptcy would hardly grant him a discharge from his trust so long as he had money in his hands arising under an order of the court, not finally paid out or disposed of as the court had directed. If a State court could garnish a trustee in bankruptcy, to catch funds in his hands which had been ordered paid by the court to which he was directly amenable, but which he had not actually paid out, and could compel him to withhold the payment, regardless of the order of the court of bankruptcy, it will be readily perceived that confusion and conflicts of jurisdiction would at once arise, and that a State court, by means of a garnishment, could indefinitely delay the final winding up of the matter in bankruptcy and the final discharge of the trustee. It has accordingly been held that a garnishment will not lie from a State court to a trustee or assignee in bankruptcy, to catch dividends which have been declared in favor of certain creditors or the amount which will be going to them under a composition. In Re Cunningham (Dist. Court of Iowa), 9 Cent. Law J. 208; Loveland on Bankruptcy (3d ed.), § 268, p. 782; 2 Remington on Bankruptcy, §§ 224, 225, p. 1363.

As the garnishment, in so far as it was directed to and served upon James as trustee in bankruptcy of the estate of Bailey, was without authority of law and void, and in so far as it was directed to and served upon him in his individual capacity it failed to reach and fasten upon any property or asset belonging to the defendant, no lawful levy of the attachment was made; and consequently the court was without jurisdiction of the attachment proceeding, and therefore properly dismissed it.

The error which the court committed was in also dismissing the declaration in attachment. The Civil Code, § 4575, declares: "When the defendant has given bond and security, as provided by this code, or when he has appeared and made defense by himself or attorney at law, or when he has been cited to appear, as provided by this code, the judgment rendered against him in such case shall bind all his property, and shall have the same force and effect as

when there has been personal service." Section 4557 provides, that where notice in writing has been given, as therein provided, to the defendant of the pendency of the attachment and the proceedings thereon, "the judgment rendered upon such attachment shall have the same force and effect as judgments rendered at common law; and no declaration shall be dismissed because the attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case." These two sections of the code have been construed together; and it has been accordingly held that under their provisions, although the attachment may be dismissed because of its invalidity, still the plaintiff is entitled to proceed for a verdict and a general judgment on his declaration, if the defendant has appeared and made defense (*Joseph* v. *Stein,* 52 *Ga.* 332 (2)), or if he has replevied the property levied upon under the attachment (*Camp* v. *Cahn,* 53 *Ga.* 558 (2)), or if he has been duly cited to appear (*McAndrew* v. *Irish-American Bank,* 117 *Ga.* 510 (2), 514 (43 S. E. 858)). In the present case the defendant filed a general demurrer to the declaration in attachment. It is well settled that the filing of a general demurrer is equivalent to pleading to the merits of the case. *Lyons* v. *Planters Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155); *Savannah Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010); *Southern Ry. Co.* v. *Cook,* 106 *Ga.* 451 (32 S. E. 585); *Paulk* v. *Tanner,* 106 *Ga.* 219 (32 S. E. 99); *Dykes* v. *Jones,* 129 *Ga.* 99, 103 (58 S. E. 645). Counsel for defendant in error, however, contend that the demurrer was filed subject to the motion for which the defendant made its "special appearance." There was no express reservation to this effect in the demurrer; but admitting that the demurrer was so filed, and that, being so filed, it did not, when it was filed, amount to pleading to the merits or to appearing and making defense in the case made by the declaration in attachment, still when this written motion to dismiss was overruled by the court, and no exception was taken by the defendant to this ruling, the general demurrer stood permanently uncovered; it was stripped of the protection afforded by the motion under cover of which it was made, and thenceforth stood as the equivalent of a plea to the merits without reservation. Being made subject to the final determination of the motion to dismiss which preceded it, and this motion having

been finally decided against the defendant, the demurrer was, of course, no longer subject to this motion. In other words, the demurrer was made for the purpose of being considered in the event that the precedent motion to dismiss should be overruled, and when this motion was overruled, the demurrer stood as unconditional pleading in the case.

*Judgment reversed. All the Justices concur.*