## 20112. LANCASTER v. NEAL.

BELL, J. Although an attachment may be absolutely void, yet if the defendant appears and pleads to the merits, the plaintiff is entitled to proceed for a general verdict and judgment on the declaration. Thus, in the present case, it is immaterial whether the court erred in refusing to dismiss the attachment upon any of the grounds urged in the defendant's motion, the defendant having answered the declaration, and the plaintiff having elected to take only a general judgment. Civil Code (1910), §§ 5103, 5121; *Cincinnati &c. Ry. Co.* v. *Pless*, 3 *Ga. App.* 400 (60 S. E. 8); *Henderson* v. *Phillips*, 6 *Ga. App.* 368 (65 S. E. 40); *Falligant* v. *Blitch*, 19 *Ga. App.* 675 (2) (91 S. E. 1057); *Duke* v. *Automobile Supply Co.*, 21 *Ga. App.* 608 (94 S. E. 915).

2. After moving to dismiss the attachment and demurring specially to the declaration, the defendant filed an answer to the declaration, stating therein that he was "not waiving any of the matters of defense set up in his demurrers and pleas;" but this reservation did not prevent the plaintiff from seeking a judgment in personam on the declaration, since the motion to dismiss the attachment was a mere denial of the sufficiency of the process to seize and hold the defendant's property, and did not question its efficacy as a means of bringing the defendant into court, and since the special demurrer interposed was without merit, in view of amendments to the declaration. *McAndrew* v. *Irish-American Bank*, 117 *Ga.* 510 (2), 516 (43 S. E. 858); *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544 (3), 550 (68 S. E. 500, 30 L. R. A. (N. S.) 720).

3. There was no dispute that the defendant procured the plaintiff's property by some means, and an instruction which assumed this fact, without more, was not erroneous as intimating or expressing an opinion that the defendant had procured the plaintiff's property by fraud or misrepresentation.

4. Where an owner of property employs a partnership as his agent to sell it, he will be bound by the acts and representations of each of the partners within the real or apparent scope of the agency, although he may have dealt with the partnership through one of the partners only. *Render* v. *Hartford Fire Ins. Co.*, 33 *Ga. App.* 716 (127 S. E. 902); *Callaway* v. *Barmore*, 32 *Ga. App.* 665 (3), 677 (124 S. E. 382).

5. If one purporting to act as agent exceeds his authority, the principal can not ratify in part and repudiate in part; and therefore he can not accept and retain the fruits of a contract so made by another in his behalf without becoming bound by the representations of the person so purporting to act for him in consummating the agreement. Civil Code (1910), §§ 3593, 3595; *Helping Hand* v. *Bank of Smithville*, 33 *Ga. App.* 285 (4) (125 S. E. 794).

6. The evidence authorized the inference that the defendant by his agent pointed out property which he did not own and could not convey, but which he agreed to exchange for certain property of the plaintiff, and that the plaintiff was thus induced to convey his property to the defendant, to his loss and damage in the sum sued for; it appearing that the property which the defendant actually owned was in a different location from that indicated by his agent, and was less valuable, and

that on discovery of the error the plaintiff refused to accept a deed thereto. Assuming that a restitution would have relieved the defendant from further liability,· the evidence did not demand the inference that he made a timely offer thereof, or that the offer which he made would have fully restored the status. The verdict found for the plaintiff was authorized by the evidence, and the court did not err in refusing a new trial. See, in this connection, Civil Code (1910), § 4623; *Allison* v. *Nunn,* 34 *Ga. App.* 561 (130 S. E. 364).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 29, 1930.

*James H. Anderson,* for plaintiff in error.
*McClure & McClure, T. G. Head,* contra.