### 20190. HARPER *v.* ALLEN.

BELL, J. 1. Jurisdiction of the person may be waived. If a defendant appear and plead to the merits, without pleading to the jurisdiction and without any protestation as to process or service, he thereby admits the jurisdiction of the court and waives all irregularities of the process, or of the absence of process and the service theerof. Civil Code (1910), §§ 5559, 5663, 5664. The filing of a general demurrer is equivalent to a plea to the merits, within this rule. *Bunting* v. *Hutcheson*, 5 *Ga. App.* 194 (5) (63 S. E. 49); *Southern Railway Co.* v. *Cook*, 106 *Ga.* 450 (3) (32 S. E. 585).

2. In case of an attachment, the filing of a general demurrer to the declaration, without any reservation as to jurisdiction or service, will operate to convert the action from a suit in rem into an action in personam, and in such a case the plaintiff may proceed to a general verdict and judgment on the declaration, although the attachment itself may fail, or for some reason the plaintiff may not be entitled to a judgment in rem. *Cincinnati &c. Ry. Co.* v. *Pless*, 3 *Ga. App.* 400 (60 S. E. 8); *Henderson* v. *Phillips*, 6 *Ga. App.* 368 (65 S. E. 40); *Duke* v. *Automobile Supply Co.*, 21 *Ga. App.* 608 (94 S. E. 915); *Payne* v. *Chal-Max Motor Co.*, 25 *Ga. App.* 677 (2) (104 S. E. 453); *McAndrew* v. *Irish-American Bank*, 117 *Ga.* 510 (2) (43 S. E. 858); *Cowart* v. *Caldwell Co.*, 134 *Ga.* 544 (3) (68 S. E. 500, 30 L. R. A. (N. S.) 720).

3. The law which provides for notice to the defendant in attachment, as one of the methods whereby the court may obtain jurisdiction to render a general judgment, does not require that the fact of such notice shall be alleged in the declaration, nor that any return or entry in proof of the same shall appear thereon; and therefore a declaration in attachment will not be defective or subject to demurrer because it is not shown or alleged therein that the defendant has been served with written notice of the pendency of the attachment. Civil Code (1910), § 5103.

4. In the present suit by attachment, in which the attached property was sold under a short order, and in which the defendant appeared and demurred to the declaration upon the grounds, (1) that it failed to set forth a cause of action, (2) that because of the short-order sale the plaintiff was not entitled to a judgment in rem, and (3) that it was not shown or alleged in the declaration that the defendant had been served with written notice of the proceedings, the court did not err in

. overruling the demurrer, and by it there was such appearance and pleading as invested the court with jurisdiction to render a general judgment in personam against the defendant, on the declaration.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

*B. P. Gaillard Jr.,* for plaintiff in error.
*C. H. Edwards, Wheeler & Kenyon,* contra.