## 54458. RICKERT v. HILL AIRCRAFT & LEASING CORPORATION.

DEEN, Presiding Judge.

Hill Aircraft filed an attachment against the appellant on October 2, 1975, alleging a debt of $582.55 and that the defendant "has concealed himself." The attachment was levied against a 1947 Bonanza airplane. The defendant filed a traverse to the attachment and, subject thereto, an answer to plaintiff's subsequently filed declaration. After hearing, the traverse was denied, and the defendant's appeal was dismissed in *Rickert v. Hill Aircraft & Leasing Corp.,* 138 Ga. App. 638 (227 SE2d 83). The case then proceeded to a bench trial on the declaration and answer, and judgment was entered against the defendant in the sum of $471. *Held:*

1. There was sufficient evidence to sustain the affidavit of attachment on the ground that the defendant purposefully avoided and concealed himself to avoid the plaintiff's attempts to collect the debt.

2. If indeed the affidavit was inadequate in alleging that the defendant "has concealed himself" instead of that he "conceals himself" (*Brown & Sanford v. McCluskey,* 26 Ga. 577) it may be amended by properly alleging that the defendant "conceals himself" (Code § 81-1203), and such amendment, filed before the trial on the merits of the case, renders the defect at most harmless error where the evidence on the trial of the traverse related to concealment at the time of taking out the affidavit, and by amendment the attachment was made to reflect this fact.

3. Where the defendant, subject to his traverse, files an answer generally denying the indebtedness, and after the traverse is denied there is a trial on the merits

followed by a general judgment, any defect in the original attachment is immaterial. *Lancaster v. Neal,* 41 Ga. App. 721 (154 SE 386).

4. The evidence was sufficient to support a general judgment for the open account sued on as rent for office and airplane "tie-down" space.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Argued September 7, 1977 — Decided September 30, 1977 — Rehearing denied October 14, 1977 — ▮

*Hartley & Reid, G. Michael Hartley,* for appellant.
*Thompson, Stovall, Stokes & Thompson, James F. Stovall, III,* for appellee.