[The case reported under above title in 2 Am. L. Times Rep. (N. S.) 381; 7 Chi. Leg. News, 347; 2 Cent. Law J. 473; and 21 Int. Rev. Rec. 237,—is the same as Case No. 10,572.]

KOCH (THURSTON v.). See Case No. 14,016.

KOCHERSPERGER (UNITED STATES v.). See Case No. 15,541.

KOELLA (BARRETT v.). See Case No. 1,048.

## Case No. 7,918.
### In re KOHLSAAT.
[18 N. B. R. 570.] [1]

District Court, S. D. New York. Dec. 30, 1878.

BANKRUPTCY—VALIDITY OF ATTACHMENT OF MONEY PAYABLE UNDER COMPOSITION — SPECIFIC LIEN ON FUND—COMPOSITION, HOW AVOIDED.

1. Moneys payable under a composition cannot be reached by attachment or their payment obstructed by proceedings of another court, the object of which is to withhold the fund from the creditor entitled thereto for the security of a plaintiff pending the litigation.
[Cited in Re Chisholm, 4 Fed. 527.]

2. Except in a case where the plaintiff in an action against the creditors claims title to or a specific lien upon the fund in question, or has procured the appointment of a receiver who has succeeded to the creditor's title, the bankrupt court cannot be asked to suspend or deny the right of the creditor to receive his composition.

3. A delay in the payment of the composition notes, occasioned by legal or other difficulties, will not ipso facto avoid the composition; nor will a failure to pay one of the creditors, according to the terms of the resolution, work a forfeiture of the bankrupt's rights under the composition as to those creditors to whom payment has been punctually made.

In bankruptcy.

James H. Fay, for motion.
Charles Wehle, opposed.

CHOATE, [District Judge.] This is an application for the appointment of a receiver of certain moneys payable to three of the creditors of the alleged bankrupts under a composition which has been confirmed, and for an injunction against the payment of such composition to the creditors. The facts are these:

The firm of J. C. Kohlsaat & Sons owed one Milton, the petitioner, about thirty-four thousand dollars for money lent. The bankrupts, composing the firm of J. C. Kohlsaat's Sons, succeeded to the business of the firm of J. C.

Kohlsaat & Sons, and assumed their debts; among which was this debt to Milton. Milton, claiming to hold the estate of John C. Kohlsaat as collaterally liable for the same debt, notwithstanding the assumption of the debt by the new firm and his assent thereto, has commenced an action in a state court against the two bankrupts as executors of John C. Kohlsaat and against the three creditors of the bankrupt above referred to, who are alleged to be legatees and of the next of kin of John C. Kohlsaat; and in that suit he alleges that certain notes given by the bankrupts to these three creditors were executed and received for portions of their distribution shares in the estate of said John C. Kohlsaat, or for portions of their legacies under his will, the same having been given to them by the bankrupts in pursuance of the conditions on which the bankrupts took the estate of the said John C. Kohlsaat under his will. These same notes are the claims which these creditors have proved against the bankrupts, and the composition notes for thirty-three and a third per cent. thereof have been given to them in pursuance of the terms of the composition. The complaint prays judgment for an account by these three creditors as legatees and next of kin for all portions of the estate received by them and for payment thereof, also for an injunction against the bankrupts to prevent the payment of the composition notes to these creditors until said debt due the plaintiff is paid, and for payment thereof to the plaintiff. Milton, in his affidavit, swears that the fund which in that suit is secured by injunction will, he believes, be imperilled by the payment of the composition notes to these creditors. Both Milton and the three creditors have proved their claims, and are entitled as creditors to share in the composition. An application has been made to the state court for the appointment of a receiver, which is undetermined. The first composition notes fall due December 31, 1878. On this case I think the application must be denied. If it be assumed that Milton has good grounds for claiming that the estate of John C. Kohlsaat is not released by what has taken place, and that he also may in equity treat the composition notes held by these creditors as portions of their distribution shares or legacies under the will of John C. Kohlsaat—questions for the state court in that case exclusively to decide—yet there seems no good reason why this court should actively interfere by a receiver and injunction to aid him in securing his debt as against these legatees or next of kin. In general, dividends payable by an assignee, and moneys payable under an order of court cannot be reached by attachment, nor can their payment at the time and to the persons designated by the order of the court be prevented by a state court. In re Bridgman [Case No. 1,867]; Colby v. Coates, 6 Cush. 558, and cases cited.
Payments to creditors under a composition

resolution are analogous to dividends payable by an assignee, or moneys payable by an order of court. Composition proceedings are another mode of distributing the bankrupt's estate, the bankrupt administering the estate himself instead of an assignee or trustee, and a stipulated percentage being paid instead of the actual result of the liquidation. The court is authorized to enforce the payment of the composition, and the time of payment, which is always fixed in the resolutions, is one of the terms of the composition and of the essence of the contract. I think, therefore, the principles which have been established as to dividends apply to compositions, and that moneys payable under a composition cannot be reached by attachment or their payment obstructed by proceedings of another court, the object of which is, like that of an attachment, to withhold the fund from the creditor entitled thereto for the security of a plaintiff pending the litigation. The same reasons forbid this which prevent an attachment. And it is certainly no part of the province of this court to become the stakeholder for parties litigant in a state court, and to aid one of those parties against the other by holding for him a fund out of which he seeks in that litigation to collect his debt, in case he shall recover judgment.

This is, I think, the nature of the relief now sought here. The question whether the plaintiff has made out such a case prima facie as to entitle him in equity to the aid of the court for the sequestration or impounding of funds or property for his security, in case he ultimately shall have judgment, is one peculiarly and exclusively for the consideration of the court in which his suit is pending, and depends upon the case he makes —First, as to its apparent merits, and, secondly, as to the danger of loss in which the fund is placed if such provisional relief is not given. And in this case, while the state court cannot interpose to prevent the carrying out of the terms of the composition, by the payment thereof on the day fixed, to the party then entitled as creditor, or his duly constituted successor in interest, yet that court is competent to give the plaintiff all necessary security and relief, since it may, if a proper case is in its judgment made out, restrain these creditors, upon the receipt of this money, from parting with the same or may appoint a receiver to hold it thereafter, and, pending the litigation and the conversion of the note into money, will not destroy the means of tracing and identifying the fund as a portion of the distribution share of the estate of John C. Kohlsaat, if that character is now impressed on it. If this plaintiff had been so diligent or so fortunate as to have procured the appointment of a receiver of this fund by the state court prior to the time fixed for its payment, such receiver might be regarded as the duly constituted successor of the creditors to whom the composition was originally due, and as such he might be entitled to receive the payment of the composition.

This court is expressly vested with power to enforce the composition; and this seems to include the power to determine which of two parties claiming to be lawfully entitled to the composition is the rightful claimant; and in some cases, where rival claims have been interposed, this court has directed the fund to be paid into the registry of the court to await the determination of such question of ownership, either upon a reference ordered here or upon a suit brought therefor in another court. But in this case the plaintiff neither claims title to nor a specific lien upon the fund in question, nor has he procured the appointment of a receiver who has succeeded to the creditor's title. Except in such a case, this court cannot be asked to suspend or deny the right of the creditor to receive his composition. The statute under which the plaintiff has brought his action, so far as it is an action against these legatees or next of kin, does not authorize the recovery from them of the specific property formerly of the testator or intestate, still in their possession, but only allows a money judgment for the value of what they may have received as such next of kin or legatees. 2 Rev. St. N. Y. p. 90, § 53 (42); Id. p. 451, §§ 23–28.

I do not give any weight to the apprehension expressed by the learned counsel for these creditors, that, in case the composition notes are not paid to every creditor according to the terms of the composition resolution, and on the very day they become due, the composition is thereby avoided and the original debts revived as to all the creditors, even though the failure to pay one or more of them should be prevented by the restraining order of this court. Such a construction would be quite unreasonable. The statute itself contemplates the possibility that after the composition resolutions are finally confirmed there may be legal or other difficulties to prevent or delay its performance, and in such case the court is expressly authorized to set the composition aside. This seems to imply that the court has a discretionary power to deal with such a case, either by setting it aside, or by making such other order in the premises as justice and equity shall require, and that such legal or other difficulties resulting in delay do not ipso facto work a revocation. Still less is it to be inferred from the statute that failure to pay one of the creditors will work a forfeiture of the bankrupt's rights under the composition as to those creditors to whom payment shall punctually be made. Motion denied.