### In re CHISHOLM and others, Bankrupts.

(*District Court, S. D. New York.* ———, 1880.)

1. ASSIGNEE IN BANKRUPTCY—ATTACHMENT.—Money in the hands of an assignee in bankruptcy cannot be reached by attachment.
   *In re Cunningham,* 19 N. B. R. 276.

In Bankruptcy.

*J. A. Seaman,* for petitioner.

*W. F. Scott,* for assignee.

*E. R Olcott,* for Planters' National Bank.

CHOATE, D. J. This is an application for an order on the assignee to pay a dividend to the petitioner, who, by order duly made, has been subrogated to the rights of a creditor whose debt has been, after contest, established as proved. The answer of the assignee shows that before the dividend was actually declared, but after the meeting at which it was declared was called, he was served with a warrant of attachment against the original creditor, issued by a state court, in an action brought against that creditor by the Planters' National

Bank of Augusta, Georgia, upon a judgment recovered in the circuit court of the United States for the district of South Carolina. The assignee declined to pay the dividend to the petitioner without a special order of the court. In the case of *Kohlsaat,* 18 N. B. R. 570, it was held that the payment of moneys, payable under a composition in bankruptcy, could not be interfered with by proceedings in a state court. In the case of *Cunningham,* 19 N. B. R. 276, the question whether dividends in the hands of an assignee can be attached, was very carefully examined by Judge Love, and it was held that they could not be attached even after the dividend was declared. The case of *Dunlap* v. *Ins. Co.,* 74 N. Y. 145, seems not inconsistent with these cases. The petitioner is entitled to the order on the ground that the money in the hands of the assignee could not be reached by attachment.

Motion granted.