## In re ARGONAUT SHOE CO.

### PRIESTLY v. HILLIARD & TABOR et al.

(Circuit Court of Appeals, Ninth Circuit. May 15, 1911.)

No. 1,902.

1. GARNISHMENT (§ 58*)—PROPERTY SUBJECT—DECLARED DIVIDENDS IN THE HANDS OF A BANKRUPT'S TRUSTEE.

Dividends declared by a bankrupt's trustee while in his possession unpaid to the claimants are still in custodia legis and not subject to garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 113; Dec. Dig. § 58.*]

2. BANKRUPTCY (§ 20*)—RULING OF STATE COURT—GARNISHMENT OF DIVIDENDS.

Ruling of the state court permitting the garnishment of dividends after they have been declared by an officer of the state court as a receiver, administrator, or trustee, cannot affect the administration by a federal court of an estate in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

Petition for Revision of a Certain Order of the District Court of the United States for the Northern District of California.

In the matter of bankruptcy proceedings of the Argonaut Shoe Company. A claim, having been allowed, and a dividend declared thereon, was assigned to the petitioner, W. E. Priestly, when the div-

idend was sought to be seized by garnishment proceedings in the state court at the instance of Hilliard & Tabor and the Williams Marvin Company. From a decree directing the referee to ascertain which was prior in time, the assignment to the petitioner or the garnishment, the petitioner appeals. Reversed, and garnishment disallowed.

Fabius T. Finch and L. S. Milsted, for petitioner.

Henry A. Jacobs and G. B. Blanckenburg, for respondents.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. [1] The question here presented upon a petition for revision is whether funds in the hands of a trustee in bankruptcy for the benefit of a creditor of the bankrupt's estate may be reached by garnishment proceedings after a dividend has been declared. The petition alleges that a claimant against the bankrupt's estate proved her claim for the sum of $9,170.81; that thereafter, in good faith and for a valuable consideration, she assigned her claim to the petitioner: that a dividend was declared upon the claims against the bankrupt; that the proportion due the claimant was $1,192.20; and that, after the dividend had been declared, the respondents sued the claimant in a state court and caused a writ of garnishment to be served upon the trustee of the bankrupt. The petitioner moved the referee for an order directing the trustee to pay the dividend to him. The respondents contested the application, contending that the dividend should be held in the hands of the trustee pending the determination of the suit in the state court, and that, if the respondents were successful in that court, the trustee should be ordered to pay the amount of the dividend to them. The referee ordered the trustee to pay the dividend to the petitioner. The respondents petitioned the District Court to review the order of the referee. The District Judge reversed the order of the referee, and directed the referee to ascertain which was prior in point of time, the assignment to the petitioner or the garnishment issued out of the state court. To review that order is the purpose of the petition to this court.

In Loveland on Bankruptcy (3d Ed.) § 268, it is said:

"A dividend in the hands of the trustee cannot be reached by attachment or on any process from a state court"—citing In re Chisholm (D. C.) 4 Fed. 526; Gilbert v. Quimby (C. C.) 1 Fed. 111; In re Cunningham, Fed. Cas. No. 3,478; In re Kohlsaat, Fed. Cas. No. 7,918; In re Bridgman, Fed. Cas. No. 1,867; and Colby v. Coates, 6 Cush. (Mass.) 558.

The cases so cited all arose under the bankruptcy act of 1867 (Act March 2. 1867, c. 176, 14 Stat. 517).

In Gilbert v. Quimby, the court said:

"That the dividend was not attachable on process from the state courts. would seem to be quite clear. While in the hands of the assignee, it would be a part of the estate of the bankrupt in the custody of the court. It would not be held the property of the debtor, but would only be property that would become his when he should get it. He could not maintain any suit against the assignee for it, nor obtain it by any legal process other than by application to the District Court having control of the fund as a party to the proceedings in that court. Money in the hands of a disbursing officer of the

United States, due to a private person, cannot be attached on process against such person out of a state court, because the money will not be his, but will remain the property of the United States until it is paid to him. Buchanan v. Alexander, 4 How. 20 [11 L. Ed. 857]."

In Re Cunningham, it was said:

"The reason of this doctrine seems to be that the court having the money or property in its custody under the law holds it for some purpose, of which that court is exclusive judge. To permit property or money thus held to be seized on execution, attached, or garnisheed, would therefore defeat the very purpose for which it is held, and in many cases enable some other court to dispose of property or money, and wholly divert it from the end or purpose for which possession has been taken. A conflict of jurisdiction and decision would in many cases thus ensue."

There is nothing in the present bankruptcy law to change the rule thus established under the provisions of the act of 1867, and we find no case which modifies that rule. On the contrary, in Re Kranich (D. C.) 182 Fed. 849, Judge McPherson held that an attachment execution issued out of a state court against a bankrupt's estate could not be enforced against the trustee's objection, and in Cowart v. W. E. Caldwell Co., 134 Ga. 544, 68 S. E. 500, the Supreme Court of Georgia held that a fund in the hands of a trustee in bankruptcy, which the referee has ordered him to pay to a named person, cannot be reached by a creditor of such person by a summons of garnishment directed to and served upon the trustee. Said the court:

"The garnishment proceeding, therefore, is necessarily against the trustee in his representative capacity, and is an effort to subject funds which he holds in that capacity under an order of the referee or bankrupt court. That court has exclusive jurisdiction in matters of bankruptcy; the state court has none. * * * If a state court could garnishee a trustee in bankruptcy, to catch funds in his hands which had been ordered paid by the court to which he was directly amenable, but which he had not actually paid out, and could compel him to withhold the payment regardless of the order of the court of bankruptcy, it will be readily perceived that confusion and conflict of jurisdiction would at once arise, and that a state court, by means of a garnishment, could indefinitely delay the final winding up of the matter in bankruptcy, and the final discharge of the trustee."

[2] The respondents rely upon the rule established by the state courts of California that, where an order is made by a court directing payment of funds to claimants, the court immediately loses jurisdiction of the particular fund, and the person to whom the money is due has the right, upon failure of the trustee or officer of the court to pay the money, to enforce collection thereof; the fund, by operation of law, immediately vesting in the parties who become legally entitled thereto; citing Dunsmoor v. Furstenfeldt, 88 Cal. 522, 26 Pac. 518, 12 L. R. A. 508, Estate of Nerac, 35 Cal. 397, 95 Am. Dec. 111, and decisions of other state courts. But the rule of a state court permitting the garnishment of dividends after they have been declared by an officer of a state court, such as a receiver, administrator, or a trustee, cannot affect the administration by a federal court of an estate in bankruptcy. Clarke v. Shaw (C. C.) 28 Fed. 356, and cases there cited. The right to garnishee funds in custodia legis must depend upon express statutory authority: No such authority is to be found in the bankruptcy law. The distribution of the assets of the bankrupt,

therefore, cannot be stayed or prevented by the process of a state court, the object of which is to withhold a dividend from a creditor entitled thereto for the security of a plaintiff pending litigation.

The order of the District Court is reversed, and that of the referee is affirmed.