McMORRAN *v.* CLARK ET AL.

(Decided May 11, 1933.)

*Mr. E. P. Middleton,* for plaintiff in error.
*Messrs. Deaton & Bodey,* for defendants in error.

KUNKLE, J. This is a proceeding in aid of execution in which the plaintiff in error, Sam M. McMorran, the plaintiff in the lower court, seeks through a garnishee process which was served upon Marion B. Owen, the trustee in bankruptcy of Ottie D. Clark, to reach certain moneys in the United States Court for the Southern District of Ohio.

The petition of plaintiff in error, Sam M. McMorran, filed July 31, 1931, alleges in brief that he secured a judgment against the defendant Harlena Clark in the sum of $231.04 by the consideration of the court of common pleas of Champaign county; that said judgment is wholly unsatisfied and in full force and effect; that said Harlena Clark has no personal or real property subject to levy on execution to satisfy said judgment; that defendant Marion B. Owen is the trustee in bankruptcy of Ottie D. Clark, elected as such in a bankruptcy proceeding instituted by said Ottie D. Clark in the United States District Court for the Southern District of Ohio, Western Division; that said Marion B. Owen as such trustee in bankruptcy has in his possession a large sum of money, to wit, $548.32, due and to become due the defendant Harlena Clark, and plain-

tiff in error asks that said trustee in bankruptcy be directed to pay said money so in his possession due and to become due the said Harlena Clark to the plaintiff, or so much thereof as may be necessary to satisfy his judgment.

A demurrer was filed to this petition on the ground that the same did not state a cause of action, and a motion was also filed to dismiss the petition, for the reason that the court has no jurisdiction over the subject-matter set forth in the petition and has no jurisdiction over the defendant Marion B. Owen, trustee in bankruptcy of Ottie D. Clark.

December 23, 1931, both the motion and the demurrer were sustained by the lower court.

On the same day the plaintiff filed an amended and supplemental petition in which he alleged that, since the filing of his petition and the service of summons upon the defendant Marion B. Owen, trustee in bankruptcy, and Harlena Clark, it has come to his knowledge that the said trustee in bankruptcy at the time of filing the petition herein had in his possession a large sum of money, to wit, $5,854.31, and that on August 8, 1931, there came into the possession of said Marion B. Owen as trustee about the sum of $5,000; that the said $5,854.31 and the said sum $5,000 were the proceeds of the sale of the real estate of the bankrupt, Ottie D. Clark, husband of said Harlena Clark, and included the value of the defendant Harlena Clark's inchoate dower interest in the said real estate of said Ottie D. Clark; that the said Harlena Clark filed her answer in the said bankruptcy proceeding, electing to take in money the value of her inchoate dower in the real estate of Ottie D. Clark; that the value of the said inchoate dower will become due and payable in money to the said Harlena Clark upon the order of the District Court of the United States of the Western District of Ohio; that on the 8th day of August, 1931, the said court fixed the value of said dower at $519.70, and ordered said trus-

tee in bankruptcy to pay the same to the said Harlena Clark; and that said $519.70 was the separate property of the defendant Harlena Clark and no property of the bankrupt, Ottie D. Clark.

Plaintiff therefore prays as in his petition.

To the amended and supplemental petition the defendant Harlena Clark filed a motion asking the court to dismiss the same, for the reason that the court had no jurisdiction over the subject-matter set forth therein and no jurisdiction over the defendant Marion B. Owen, trustee.

The defendant Harlena Clark also demurred to the amended and supplemental petition upon the ground that the same did not state facts sufficient to constitute a cause of action against defendants and in favor of plaintiff.

The lower court sustained the demurrer and also the motion to dismiss the amended and supplemental petition, and, the plaintiff not desiring to plead further, the amended and supplemental petition was dismissed.

From such order of the court of common pleas error is prosecuted to this court.

Various grounds of error are assigned in the petition in error.

Counsel have presented a very interesting question, and the legal propositions raised are supported by elaborate briefs, in which many authorities are cited and discussed.

In support of the ruling of the lower court, counsel for defendant in error assert the following propositions: (1) That funds in the hands of a trustee in bankruptcy can not be garnisheed or attached; (2) that funds *in custodia legis* are not subject to garnishment or attachment; (3) that a state court has no jurisdiction to make an enforceable order against a United States court, or an officer thereof; (4) that dower in the hands of a trustee in bankruptcy remains in the

custody of the court until the actual possession thereof is in the hands of the party entitled to such dower.

The above and other questions are discussed by counsel for both plaintiff in error and defendant in error in their briefs and many authorities reflecting upon such propositions are cited.

We have considered with care the various legal questions suggested by counsel, but, in view of the conclusion at which we have arrived from a consideration of the authorities, we will discuss but one of the questions so presented. We think this question is decisive of the case at bar.

It is contended with much force by counsel for plaintiff in error that the fund in question, being the property of Harlena Clark, and consisting of her inchoate right of dower in the real estate in question, forms no part of the bankrupt's estate, that this suit does not affect any portion of the estate of the bankrupt, Ottie D. Clark, and that no effort is being made to disturb the possession of the trustee in any portion of the property belonging to the bankrupt.

We shall not attempt to discuss the authorities in detail, but will merely announce the conclusion at which we have arrived after a consideration of the authorities cited.

The record discloses that Harlena Clark brought herself within the jurisdiction of the United States Court of the Southern District of Ohio; that she filed an answer in said court, and thus brought herself within the jurisdiction of the court for the purpose of having the court fix the value in money of her inchoate right of dower and order its payment.

We cannot escape the conclusion that the fund in question is *in custodia legis* in the United States Court until the same is actually paid over by the proper officer of the United States Court to the person entitled thereto. Until such payment is made to the person whom the United States Court designates, we are of

opinion that the sum constitutes a fund *in custodia legis*. We concede that the authorities are somewhat confusing, but, if the United States Court for the Southern District of Ohio has acquired jurisdiction over this fund, and can modify or change the allowance at any time until the same has been actually paid out under its order, then we think the state courts are without authority to interfere with such fund.

A few of the many authorities cited, in which we think the reasoning found sustains the conclusion at which we have arrived, follow:

In the case of *Cowart* v. *Caldwell Co.*, 134 Ga., 544, 68 S. E., 500, 30 L. R. A. (N. S.), 720, a decision by the Supreme Court of Georgia, the first paragraph of the syllabus holds: ''A fund in the hands of a trustee in bankruptcy, which the referee has ordered him to pay to a named person, can not be reached by a creditor of such person by a summons of garnishment, directed to and served upon the trustee.''

From 11 Ohio Jurisprudence, at page 1007, Section 28, we quote the following: ''The general rule as to the right of a creditor to maintain an action to subject to the payment of a judgment funds in *custodia legis*, distributable to the judgment debtor in another proceeding, was thus stated in an early case: 'Courts of equity may entertain a bill by a creditor to reach and apply, in payment of his debt, property or rights of his debtor which cannot be reached by attachment or taken in execution in a court at law against the debtor; but this does not extend to property, which is in the hands of officers of the law for distribution under proceedings provided by statute for that purpose.' ''

It has been suggested by counsel for defendant in error, and some authorities have been cited in support of the principle, that the plaintiff in error might have a remedy by the appointment of a receiver or other officer to take charge of the fund in question.

In this connection it is sufficient to say that this

question is not before us, and it will therefore be unnecessary to discuss the same.

This general subject is also discussed in 12 Ruling Case Law, page 813, paragraph 44, to the effect that money payable under composition in bankruptcy cannot be interfered with by proceedings in a state court.

The last sentence of this paragraph is as follows: "Furthermore, it has been held in a number of decisions that funds held by a trustee in bankruptcy are not subject to garnishment even after distribution is ordered, the funds remaining in the custody of the court until the trustee actually distributes them to the creditors."

In the case of *Rockland Savings Bank* v. *Alden*, 103 Me., 230, 68 A., 863, 14 L. R. A. (N. S.), 1220, a decision of the Supreme Court of Maine, the syllabus, as reported in 14 L. R. A. (N. S.), is as follows: "Duly deposited funds of a bankrupt's estate are in the possession of the court so as to prevent attachment, even after distribution is ordered and the checks have been drawn and countersigned but not delivered, the custody of the law continuing until the trustee in bankruptcy actually pays the distributees the dividends awarded them."

In the case of *In re Argonaut Shoe Co.*, 187 F., 784, being a decision of the Ninth Circuit Court of Appeals, the first paragraph of the syllabus is as follows: "Dividends declared by a bankrupt's trustee while in his possession unpaid to the claimants are still *in custodia legis* and not subject to garnishment."

The decision in this case contains a general discussion of the question involved herein.

We think the reasoning of the Court of Appeals in the case of *Good* v. *Crist*, 23 Ohio App., 484, 156 N. E., 146, and the reasoning of our Supreme Court as found in the case of *Orlopp* v. *Schueller, Admr.*, 72 Ohio St., 41, 73 N. E., 1012, 106 Am. St. Rep., 583, 2 Ann. Cas., 919, and other cases cited, support the conclusion that

the fund in question is *in custodia legis* and not subject to garnishment.

The judgment of the lower court will therefore be affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and BARNES, J., concur.