MAX GETLIN, PLAINTIFF, v. THE PADAWER WASTE &
FIBRE CO., INC., DEFENDANT.

Essex County Court
Law Division

Decided September 24, 1954.

*Mr. Julius Stein,* attorney for plaintiff (*Messrs. Stein & Feinseth,* attorneys).

*Mr. Paul Lustbader,* attorney for defendant.

The opinion of the court was delivered by

WAUGH, J. C. C. Plaintiff is the holder of a note, the subject matter of this suit, executed by the defendant, a New York corporation authorized to do business in New Jersey. The note was presented for payment but was not paid, and this action was thereafter commenced by writ of attachment pursuant to *N. J. S. 2A :26–2 (e).* The defendant herein had a claim against the Newark Cotton Felt Manufacturing Company, which corporation had been adjudicated a bankrupt in the United States District Court, District of New Jersey.

Plaintiff caused a levy to be made pursuant to the writ of attachment upon the moneys, claims, rights and credits due or to become due to the defendant, by serving the trustee in bankruptcy of Newark Cotton Felt Manufacturing Company and a copy of said writ upon the treasurer of the aforesaid Newark Cotton Felt Manufacturing Company.

Subsequently, an *alias* writ of attachment was issued and pursuant thereto a levy was made upon 76 bales of cotton waste, one Coca-Cola machine, and four lockers, all allegedly the property of the defendant herein, by serving a copy of said writ upon the trustee in bankruptcy of Newark Cotton Felt Manufacturing Company who at that time was in possession of the aforesaid property. The defendant moves to quash the attachment. Nothing was produced before the court to support such a motion. By consent of counsel I heard argument on the validity of the levy made pursuant to both the original and *alias* writ of attachment.

Despite the fact that it seems inequitable to allow this defendant to raise the question, I find that the weight of authority is that property *in custodia legis* is not subject to

levy on the writ of attachment, especially by an officer acting under authority of a state court upon property held by an officer of the federal court. See cases connected in 21 *Am. Jur.* 225, *paragraph* 448 *et seq.*; also *Cowart v. W. E. Caldwell Co.*, 134 *Ga.* 544, 68 *S. E.* 500, 30 *L. R. A.* (*N. S.*) 720 (*Sup. Ct.* 1910); *McMorran v. Clark, et al.*, 46 *Ohio App.* 338, 188 *N. E.* 668 (*Ct. App.* 1933); and *In re Argonaut Shoe Co.*, 187 *F.* 784 (*C. C. A.* 9 1911).

The levy made pursuant to the original writ of attachment is therefore set aside.

 With respect to the property levied upon pursuant to the *alias* writ, it presently appears that they are in possession of the trustee in bankruptcy, not necessarily *in custodia legis*. Admittedly, the defendant here claims the property and is contesting the trustee's right to it. As a result of its action, defendant may very well obtain a turnover order. The trustee does not presently complain, nor is there any attempt by this court to interfere in any way with the functions of the federal court. The situation here is somewhat similar to that presented in *Original R. & R. Empire Pickle Works, Inc. v. G. Arrigoni & C. Societa Per Azioni*, 28 *N. J. Super.* 405, 101 *A. 2d* 17 (*App. Div.* 1953).

If the defendant here obtains a turnover order, the levy will remain. If it is determined that the property levied upon belongs to the trustee, this court will upon proper application set aside the levy under the *alias* writ. Presently, the levy pursuant to the *alias* writ is sustained.

Counsel may present an order in accordance with these conclusions.